136 N.J. Super. 378 (1975)
346 A.2d 424
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES MELTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 29, 1975.
Decided October 7, 1975.
*379 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. James R. Kinarney, Assistant Deputy Public Defender, of counsel and on the brief).
*380 Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Peter N. Gilbreth, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals from his conviction after jury trial of assault with intent to rob (N.J.S.A. 2A:90-2) while armed (N.J.S.A. 2A:151-5) and from the eight- to ten-year prison sentence imposed thereafter.
With respect to the conviction, he asserts as a ground for reversal only that the trial judge erred in admitting into evidence his confession, since he had not been "fully advised" of his Miranda (Miranda v. Arizona, 384 U.S. 436 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) rights. This argument concedes that defendant was advised: that he had a right to remain silent, that anything he said could be used against him at trial, that he had a right to have an attorney present during questioning, and that if he wanted an attorney, one would be furnished him at no cost. The complaint which here appears is that he was "never informed * * * that he could terminate the questioning at any time."
We pause to consider a threshold procedural question. Defendant argues that the issue is not raised as plain error (R. 2:10-2) since an "exception"  the precise words of counsel were simply and solely, "I take exception to your ruling."  was taken to the judge's ruling that defendant's "Constitutional right had been preserved and observed at the time of arrest." This assertion does violence to the rule which specifically requires the grounds to be stated in any objection which is made. R. 1:7-2 is as follows:
1:7-2. Objections.
For the purpose of reserving questions for review or appeal relating to rulings or orders of the court * * * a party, at the time the ruling or order is made or sought, shall make known to the court specifically the action which he desires it to take or his objection to the action taken and the grounds therefor. * * * [Emphasis supplied]
General "exceptions," a previous method of preserving alleged trial error, were early fatalities of the progressive *381 revision of the court system and its rules in 1948. The demise was documented in the first promulgation of that which was then universally referred to as "the new rules."

RULE 3:46. EXCEPTIONS UNNECESSARY
Exceptions to rulings or orders of the court or instructions to the jury are not required in order to reserve the questions involved for review on appeal. For all purposes for which an exception has heretofore been necessary it suffices that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and the grounds therefore; but if a party has no opportunity to object to a ruling or order, the absence of an objection shall not thereafter prejudice him. [Rules Governing the Courts of the State of New Jersey, effective September 15, 1948]
It is to be noted that from the very outset there existed a requirement not only that an objection be made known but also that the grounds therefore be stated. Subsequent major and less wholesale revisions of the rules maintained at first the precise language of the new rule (e.g., R.R. 4: 47) and persistently to date the requirement that the grounds be set forth. R. 1:7-2, supra.
Case law has kept pace in its insistence that the trial judge be made aware of the reasons for objection to judicial action or conduct and that the record reflect this if the matter is to be adequately preserved on appeal. Bray v. Gross, 16 N.J. 382, 387 (1954). We have specifically held that an objection to testimony is to be accompanied by a detailing of the grounds therefor. Nobero Co. v. Ferro Trucking Inc., 107 N.J. Super. 394, 405 (App. Div. 1969). If a party objects to an adverse ruling consequent upon a voir dire to test the admissibility of proffered evidence, he must set forth the precise grounds for his objection if he is to avoid the necessity for reliance on plain error.
Defendant suggests before us that he did "state the reasons for his opposition, through questioning and testimony." Even were we to accept the factual predicate for *382 that argument, we would reject out of hand the procedural proposition. While a judge is expected to deal with issues which come (or might be expected to come) to his attention, see State v. Farrell, 61 N.J. 99, 106 (1972), and Deevy v. Porter, 21 N.J. Super. 278, 282-283 (App. Div. 1952), aff'd 11 N.J. 594 (1953), we will not impose upon him the duty to sort through the advocacy of inquiry of witnesses to speculate as to the precise defenses being framed, especially when a simple statement by counsel will suffice. We have long since repudiated "subtle disguise or concealment of unsuspected * * * defenses." Edwards v. Wyckoff Electrical Supply Co., 42 N.J. Super. 236, 240 (App. Div. 1956). Unless the error complained of here rises to the height of plain error, we will not reverse.
Clearly and beyond reasonable doubt the error below  if it was error  did not achieve the status of plain error, i.e., a clear capability to produce an unjust result. R. 2:10-2. Moreover, we doubt that there was error. Defendant's complaint that he was not specifically informed he could terminate the questioning at any time claims too much in the name of Miranda. It is enough if defendant is advised that the rights afforded are continuing ones susceptible of being exercised at any time. State v. Melvin, 65 N.J. 1, 11 (1974); State v. Hampton, 61 N.J. 250, 265 (1972). We are satisfied that a fair reading of the Miranda announcements here given, in all the circumstances then and there prevailing, clearly demonstrates such advice, despite the fact that defendant was not specifically told he could quit answering questions at any time. We are convinced that, "The language used to convey the warnings to the defendant here did adequately inform him of the substance of his constitutional rights." State v. Melvin, supra, 65 N.J. at 14.
Defendant's contention with respect to the fact of warning and waiver, which he denied, was decided adversely to him by the trial judge. Not only did this determination have to its credit its availability from sufficient credible evidence *383 in the record, State v. Johnson, 42 N.J. 146 (1964), but our independent review of the record convinces us of its correctness.
With respect to the sentence, which is within statutory limits, defendant's appeal urges that his drug dependency obviated any "logical justification" for the imposition of the sentence, as a result of which the sentence constituted "an abuse of judicial discretion." We have considered the argument in the context of all the circumstances in the record and the presentence report and find it without merit.
Affirmed.