139 N.J. Super. 201 (1976)
353 A.2d 137
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD SHERWOOD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 17, 1975.
Decided February 5, 1976.
*202 Before Judges LYNCH and LARNER.
Mr. Stanley C. Van Ness, Public Defender, attorney for defendant-appellant (Mr. James R. Kinarney, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for plaintiff-respondent (Mr. Russell V. D'Italia, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
Defendant was found guilty by a jury on two counts of an indictment charging possession of LSD (N.J.S.A. 24:21-20(a)) and possession with intent to distribute (N.J.S.A. 24:21-19(a)(1)). The court sentenced him to concurrent terms of three to five years in New Jersey State Prison.
The major issue on appeal relates to the adequacy of Miranda warnings as a prerequisite of the admission into evidence of an inculpatory oral statement by defendant.
It was established at the voir dire hearing that police officer Repetti advised defendant of his rights as of the time of his arrest in the following manner:
I told him that he has a right to remain silent. Anything he says in my presence can and will be held against him in a Court of law. He has a right to an attorney. His right is to have that attorney present while he's being questioned by the police. If he cannot afford an attorney one will be presented to him at no cost or fee to him.
Defendant was then asked whether he understood his rights to which he responded in the affirmative. It was 15 or 20 *203 minutes later at police headquarters that defendant made the statement in question in response to questioning by one of the detectives.
Although defendant denied receiving these warnings the court found as a fact that they were given, and we accept that finding as based upon the credible evidence in the record. State v. Johnson, 42 N.J. 146, 162 (1964).
The constitutional infirmity advanced by defendant is the failure to advise him additionally that he could terminate the questioning at any time. Defendant relies upon the cases of State v. Hampton, 61 N.J. 250, 265 (1972), and State v. Melvin, 65 N.J. 1 (1974), in support of his position.
In State v. Hampton the Supreme Court, among other unrelated issues, modified the procedure whereby the determination of admissibility of a statement or confession from the viewpoint of satisfaction of Miranda requirements was left to the court alone, with its weight and credibility left to the jury. 61 N.J. at 270. In reviewing the history of the law leading to the divergence of views relating to judge and jury participation in the decision-making process, the opinion, in passing, noted that the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), required five warnings:
* * * (1) of his right to be silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to the presence of an attorney, (4) that if he cannot afford an attorney one will be appointed for him prior to any questioning, if he so desires, and (5) that he has the continuing opportunity to exercise these rights at any time during the questioning. * * * [61 N.J. at 265]
In State v. Melvin, supra, 65 N.J. at 12-13, the court found that there was no causal connection between the inculpatory statement at issue and the failure to give Miranda warnings at the time of earlier questioning because defendant said nothing inculpatory on those prior occasions. It concluded that subsequent warnings were legally sufficient to *204 support the admissibility of the aforementioned statement. Again, the issue of the adequacy and contents of the warnings was not before the court. Nevertheless, in passing, the court's opinion repeats the five warnings referred to in Hampton. 65 N.J. at 11.
We have reread the Miranda opinion and fail to find an imperative command that a defendant must be afforded the fifth warning to the effect that he has the continuing opportunity to exercise his rights at any time during the questioning. The lengthy opinion of the United States Supreme Court includes a summary of the required warnings in the following language:
* * * He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. * * * [384 U.S. at 479, 86 S.Ct. at 1630, 16 L.Ed.2d at 726]
Of course, it is clear that the opportunity to terminate the questioning or to obtain the services of an attorney continues throughout the interrogation. And if a suspect indicates at any time during the questioning that he wishes to remain silent or that he does not wish to continue without an attorney present, his wish must be respected. 384 U.S. at 474, 86 S.Ct. at 1628, 16 L.Ed.2d at 723. However, this opportunity to exercise his rights during interrogation does not necessarily mean that failure to advise him expressly that the outlined rights are continuing ones will result in the exclusion of the statement or confession on constitutional grounds.
The references to the requisite fifth warning in Hampton and Melvin, supra, represent dicta since the issue of propriety of the warnings was not before the court for determination in either case. In fact, we find contrary opinions in line with the literal mandate of Miranda in several cases decided by the New Jersey Supreme Court. See State v. *205 Graham, 59 N.J. 366, 373 (1971); State v. Barnes, 54 N.J. 1, 5 (1969), cert. den. 396 U.S. 1029, 90 S.Ct. 580, 24 L.Ed.2d 525 (1970); State v. McKnight, 52 N.J. 35, 47 (1968); State v. Magee, 52 N.J. 352, 369 (1968), cert. den. 393 U.S. 1097, 89 S.Ct. 891, 21 L.Ed.2d 789 (1969); State v. Yough, 49 N.J. 587, 591 (1967). Cf. State v. Melton, 136 N.J. Super. 378 (App. Div. 1975).
In Barnes the court repeated the four warnings required by Miranda and explicitly referred to the "four-fold warnings" (54 N.J. at 5). In Magee the court noted:
The evidence reveals that as soon as Magee was taken into custody, and before any interrogation began, the police captain in charge told him he had been brought in for questioning in connection with the death of Camilla Johnson, advised him of his right to be silent, that he was entitled to the presence of a lawyer, that if he could not afford a lawyer the court would appoint one for him, and that anything he said could be used at a subsequent trial. These warnings comported with the Miranda mandate. [52 N.J. at 369]
In view of the fact that the inclusion of a fifth warning in the opinions of Hampton and Melvin constitute obiter dicta and that the New Jersey Supreme Court in other opinions has passed upon the constitutional validity of only four warnings, we are of the opinion that the law in this State is circumscribed by the specific requirements of the Miranda opinion. In the absence of a deliberate determination by our Supreme Court requiring more stringent warnings than those outlined by the United States Supreme Court, we do not feel bound by the dicta expressed in the cited opinions.
It cannot be gainsaid that it is preferable practice for police officials to advise a suspect that he can terminate the questioning and assert his rights at any time after the interrogation begins. Nevertheless, failure to do so does not in itself constitute a violation of constitutional safeguards so as to foreclose admissibility of the statement at trial.
Defendant also seeks reversal on other grounds, namely: (1) qualification of Detective Bucci as an expert in the area *206 of narcotics, (2) comment by the prosecutor as to the amount of money in defendant's pocket when he was arrested, and (3) cumulative effect of trial errors (State v. Orecchio, 16 N.J. 125 (1954)). We have considered these points and find them to be either without merit or in the category of harmless error. R. 2:10-2.
Additionally, defendant argues that the conviction for possession of LSD merged with the conviction for possession with intent to distribute the same. The State conceded that such is the case. We agree. See State v. Fariello, 133 N.J. Super. 114, 120 (App. Div. 1975); State v. Ruiz, 127 N.J. Super. 350, 353-354 (App. Div. 1974), aff'd on other grounds 68 N.J. 54 (1975); State v. Wilkinson, 126 N.J. Super. 553, 556 (App. Div.), certif. den. 63 N.J. 562 (1973).
Finally, defendant attacks the sentence as manifestly excessive. In view of the serious nature of the offense and the quantity of drugs involved, the court was fully justified in imposing a sentence which can act as a deterrent for drug traffickers.
Judgment of conviction and sentence on the second count of the indictment is affirmed. Judgment of conviction for possession on the first count of the indictment is reversed and set aside together with the sentence imposed on said count.