**STATE of Iowa, Appellee,**

v.

**Curtis William McGHEE, Jr., Appellant.**

**No. 62210.**

Supreme Court of Iowa.

June 27, 1979.

Rehearing Denied July 20, 1979.

Alfredo G. Parrish, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and David E. Richter, County Atty., for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

REES, Justice.

This is an appeal by the defendant, Curtis William McGhee, Jr., from his conviction of the crime of murder in the first degree in violation of §§ 690.1 and 690.2, The Code 1977. We affirm.

The record indicates the defendant, who was 17 years of age at the time of the commission of the offense, and two companions entered the lot of an auto dealership in Council Bluffs on the night of July 21, 1977, intending to steal a car. One of the three (not the defendant) was carrying a shotgun. The following morning a security guard at the dealership was found dead of a shotgun wound.

McGhee was taken into custody on December 22, 1977, and the case was transferred to the Juvenile Court the following day. On January 20, 1978, after hearing, jurisdiction over the defendant was transferred to the district court. On February 17, 1978, a county attorney's information was filed charging the defendant with murder.

Following disposition of several preliminary motions, the matter proceeded to trial. A verdict of guilty of murder in the first degree was returned by a jury on May 11, 1978. Following denial of defendant's motion for a new trial, McGhee was sentenced to life imprisonment. On June 29, McGhee filed a timely notice of appeal to this court.

Further elaboration upon the facts of the case will be provided in the discussion of the issues to which they pertain.

The following issues are presented for review:

(1) Was the defendant not indicted within the statutory time period set by § 795.1, The Code 1977, when the county attorney's information was filed less than 30 days after the transfer of the case from the Juvenile Court but more than 30 days following defendant's arrest?

(2) When the minutes of the testimony contained summaries of the expected testimony of certain witnesses as well as a general clause regarding "certain other facts" relating to the offense, should the trial court have sustained the defendant's motion for a bill of particulars requesting specific details concerning such "other facts"?

(3) Does § 781.10, The Code 1977, which permits a defendant to take depositions from prosecution witnesses, grant a criminal defendant the right to obtain answers to interrogatories from the prosecuting attorney?

(4) Did the trial court abuse its discretion in admitting into evidence photographs of the decedent prior to the autopsy due to their alleged prejudicial nature and lack of probative value?

(5) Were the *Miranda* warnings given the defendant constitutionally inadequate when he was not specifically informed that the interrogation would be terminated upon his request?

(6) When a prisoner with whom the defendant had been incarcerated testified at trial that the defendant had confessed to taking part in the crime with which he was charged, should a new trial have been granted upon motion accompanied by an affidavit, executed by another prisoner who had been incarcerated with the witness, stating that the witness had admitted perjuring himself at trial?

■ I. Defendant first asserts the trial court erred in overruling his motion to dis-

miss the charges against him due to alleged noncompliance with § 795.1, The Code 1977, which requires that either an indictment be found against an individual within 30 days of the person being "held to answer" for a public offense or the prosecution dismissed, in the absence of good cause for the delay.[1] Here an information was filed 57 days after the defendant was taken into custody, but less than 30 days following the transfer of jurisdiction from the juvenile court to the district court.

Defendant's motion to dismiss was couched in statutory terms and thus does not directly present an issue of constitutional dimensions. Although constitutional considerations are argued by the defendant in support of his position, we will consider them only as an aid in construing the statute and making the determination essential to this issue: is a juvenile "held to answer" for purposes of § 795.1 when he is under the jurisdiction of the juvenile court and not subject to the jurisdiction of the district court for criminal prosecution?

We have previously examined the "held to answer" language of § 795.1, in relation to juveniles transferred to the district court. In *Bergman v. Nelson*, 241 N.W.2d 14, 15 (Iowa 1976), and *State v. White*, 223 N.W.2d 173, 175–76 (Iowa 1974), we held that a child subject to the jurisdiction of the juvenile court is not "held to answer" within the meaning of § 795.1 until he or she is transferred to the district court for prosecution. We find no compelling reasons to depart from these holdings and thus do not find error in the district court's overruling of McGhee's motion to dismiss.

In *State v. White*, we said: "Proceedings in juvenile court are not prosecutions for crime. They are special proceedings which serve as an ameliorative alternative to criminal prosecution of children". Also, a child is not amenable to prosecution under

---

1. In the revision of the criminal code this provision was changed to require indictment within *45 days of arrest*, absent good cause, Iowa R.Crim.P. 27(2)(a), ch. 813, The Code 1979 (emphasis added). The amended statute was not applicable to this case and we do not pass upon how it would be applied to these facts.

the criminal statutes until the transfer order is entered. *In re Interest of Johnson*, 257 N.W.2d 47, 48–49 (Iowa 1977).

The purpose of the juvenile proceeding is to determine the disposition of the matter which would best meet the interests of both the child and the State in preventing the recurrence of delinquent activity. It is not subject to all the strictures applicable to adult criminal proceedings, although we note the legislature has recently provided additional procedural safeguards for the rights of juveniles in revising the juvenile justice provisions of the Code. *See* ch. 232, The Code 1979. An investigation into the particular circumstances of each child is necessary before disposition. To adopt McGhee's proposed construction and find a minor "held to answer" either when he is taken into custody or when the juvenile court finds probable cause the juvenile committed the alleged act of delinquency would be to place unreasonable time constraints on both the juvenile authorities and the prosecutor in any eventual criminal trial, due to the fact that the transfer must occur before a criminal prosecution may be commenced against a minor.

McGhee seeks support from the decision of the United States Supreme Court in *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), where the court held that certain constitutional guarantees applicable to adult criminal prosecutions, such as the right to counsel, right to notice of charges, and right against self incrimination, are also applicable to juvenile proceedings under a due process analysis. In so doing, the Supreme Court has acknowledged that a juvenile delinquency proceeding has several criminal characteristics and left for case-by-case determination the applicability of all rights available to adult-defendants. *McKeiver v. Pennsylvania*, 403 U.S. 528, 533, 91 S.Ct. 1976, 1980, 29 L.Ed.2d 647, 654 (1971). The standard which has evolved from this line of cases is one of whether direct application of the particular right would be consistent with "fair treatment" and would not "risk destruction of beneficial aspects of the juvenile process", *Matter of Winship*, 397 U.S. 358, 359, 90 S.Ct. 1068, 1070, 25 L.Ed.2d 368, 372 (1970). *See also Matter of Tony W.*, 91 Misc.2d 700, 398 N.Y.S.2d 528 (Fam.Ct.1977); *State in Interest of H.M.T.*, 159 N.J.Super. 104, 387 A.2d 368 (1978); *Pauley v. Gross*, 1 Kan. App.2d 736, 574 P.2d 234 (1977).

To apply § 795.1 in the manner in which McGhee advocates would not only disrupt the potential benefits of the juvenile proceeding, but would be to apply the 30-day period simultaneously to both juvenile and, in the event of a waiver, district court proceedings. Such an application would be beyond the scope of the doctrine of equal treatment underlying *Gault* and could place unreasonable time constraints on proceedings. We therefore reaffirm our holding in *Bergman v. Nelson* and *State v. White*.

■ II. McGhee next contends the district court erred in not granting certain clauses of his motion for a bill of particulars dealing with the inclusion in the minutes of testimony of language that witnesses would testify to "certain other facts" concerning the alleged offense of which they had knowledge. Because we conclude that the indictment and the minutes of testimony sufficiently informed the defendant of the nature and extent of the charges against him to enable him to prepare his defense, we find no abuse of discretion on the part of the district court requiring reversal.

A motion for a bill of particulars is authorized, for purposes of this appeal, by § 773.6, The Code 1977 (now § 813.2, Iowa R.Crim.P. 10(5), The Code 1979). It is addressed to the sound discretion of the trial court and the trial court will not be reversed unless the discretion is abused. *State v. Bean*, 239 N.W.2d 556, 562 (Iowa 1976). In *State v. Conner*, 241 N.W.2d 447, 452 (Iowa 1976), and *State v. Lass*, 228 N.W.2d 758, 765 (Iowa 1975), we set forth the following principles regarding a bill of particulars:

(1) A bill of particulars is in legal effect a more specific statement of the details of the offense charged.

(2) Its purpose is to give the defendant information which the indictment (or information) and minutes of testimony by reason of their generality do not supply.

(3) A motion for a bill of particulars should be sustained when the court, in its discretion, finds the charge and the minutes do not inform the defendant of the specific acts of which he is accused.

(4) A motion for bill of particulars cannot be used merely as a devise to obtain the State's evidence or theory of the case or unessential allegations.

Here the information and the minutes of testimony adequately informed McGhee of the nature of the charge against him and the evidence by which the State intended to prove he committed the offense. Each of the statements in the minutes of testimony on which the defendant sought elaboration was preceded by a summary of the testimony which would be presented by the individual witness. The defendant sought and received clarification of several other descriptions within the minutes. Additionally, the defendant does not show any prejudice resulting from the court's ruling. Our examination of the record leads us to conclude that McGhee was adequately informed of the nature of the case against him and that those portions of his bill of particulars which were overruled constituted an attempt to obtain "unessential allegations". We find no reversible error in defendant's contention to the contrary.

■ III. The defendant next contends the district court erred in denying him the right to file interrogatories seeking information from the State as he is allegedly entitled by § 781.10, The Code 1977 (now § 813.2, Iowa R.Crim.P. 12, The Code 1979). We find no error, basing our conclusion on the following reasoning.

McGhee cites *State v. Peterson*, 219 N.W.2d 665, 669 (Iowa 1974), for the proposition that civil discovery techniques are available to a defendant in a criminal prosecution. The scope of the *Peterson* holding was much narrower: that § 781.10 grants a defendant the right to take depositions of *defense witnesses*. Section 781.10 provides: "A defendant in a criminal case, either after preliminary information, indictment, or information, may examine witnesses conditionally or on notice or commission, in the same manner and with like effect as in civil actions". We have previously stated, in construing § 781.10, that *Peterson* "stands for the proposition the defendant has a right to depose the State's witnesses", and that the prosecutor is not a State witness. *State v. Brewer*, 247 N.W.2d 205, 211–12 (Iowa 1976).

While we have allowed the use of interrogatories pursuant to § 781.10, *State v. Smith*, 262 N.W.2d 567, 570 (Iowa 1978); *State v. Brewer*, 247 N.W.2d 211, we have not expanded the definition of witness to include the prosecutor, *see Brewer*, nor do we think the statute can be reasonably construed to allow such an inclusion. There is no indication in the record that the defendant sought to depose any of the State's witnesses pursuant to § 781.10 and was denied that right. We therefore hold the district court did not err in denying McGhee the right to file interrogatories directed to the prosecutor pursuant to § 781.10. The prior decisions of this court, as well as the literal language of the statute, mandate this conclusion.

■ IV. Defendant alleges the trial court erred in overruling his objections to the admission into evidence of photographs of the murder scene and of the decedent's body prior to autopsy. He claims admission of the pictures to have been an abuse of discretion on grounds that the pictures were irrelevant, cumulative, and prejudicial to his defense.

The determination to admit or to refuse admission into evidence of the photographs

lies initially in the discretion of the trial court, and we will not reverse except when an abuse of discretion is shown, as where the evidence is clearly irrelevant or prejudicial. *State v. Moore*, 276 N.W.2d 437, 441 (Iowa 1979); *State v. Cassady*, 243 N.W.2d 581, 583 (Iowa 1976). Here the photographs are relevant to material factual issues, establishing the manner and means by which the decedent was killed, and, while not appealing to the eye, are not so gruesome or cumulative as to mandate reversal. No abuse of discretion is shown.

■ V. The defendant next challenges the sufficiency of the *Miranda* warnings given him prior to police interrogation in October of 1978 and the consequent admissibility of certain inculpatory statements he made at that time. Specifically, he objected at trial that he was not informed that the interrogation would cease upon his request. Although it does not appear from the record that McGhee was informed of his right to remain silent, his objection did not include such a ground. Our review is limited to those alleged errors properly preserved. An objection which is overruled at trial is reviewable only on the grounds specified in the objection lodged at trial. *State v. Winquist*, 247 N.W.2d 256, 259 (Iowa 1976). We therefore address only the issue regarding termination of the interrogation.

The trial court relied on dicta in *State v. Holderness*, 191 N.W.2d 642, 648 (Iowa 1971), in concluding that *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), did not mandate the inclusion of language informing a person being questioned that the interrogation would cease upon his request. There this court noted that Michigan no longer found the right to have interrogation cease to be a mandatory part of the *Miranda* warnings. Concluding that the omission of the right to have questioning cease from the *Miranda* warnings is not error, we find the ruling of the trial court to have been correct, and that evidence of the statements was properly admitted.

In *State v. Jump*, 269 N.W.2d 417, 423 (Iowa 1978), we set out the warnings which are required by *Miranda* prior to custodial interrogation. They include: (1) the right to remain silent; (2) that anything he or she might say may be used in evidence; (3) the right to have counsel present; and (4) the right to have counsel appointed if the person being interrogated cannot afford counsel. We did not list the right to have interrogation cease as a required warning, nor do we find any indication in our case law to mandate such an inclusion.

A vast majority of the jurisdictions which have addressed this issue have reached a conclusion similar to that reached here. *United States v. DiGiacomo*, 579 F.2d 1211, 1214 (10th Cir. 1978) (finding the omission not to be error per se but a factor to be considered in determining the voluntariness of the subsequent statements); *Mock v. Rose*, 472 F.2d 619, 622 (6th Cir. 1972), cert. denied, 411 U.S. 971, 93 S.Ct. 2165, 36 L.Ed.2d 693 (1973); *Green v. State*, 45 Ala. App. 549, 551–52, 233 So.2d 243 (1970); *State v. Cobbs*, 164 Conn. 402, 416–19, 324 A.2d 234, 244, cert. denied, 414 U.S. 861, 94 S.Ct. 77, 38 L.Ed.2d 112 (1973); *Katzensky v. State*, 228 Ga. 6, 8, 183 S.E.2d 749, 751 (1971); *People v. Washington*, 115 Ill. App.2d 318, 328, 253 N.E.2d 677, 682 (1969); *People v. Hooper*, 50 Mich.App. 186, 195–96, 212 N.W.2d 786, 790 (1973); *State v. Harper*, 465 S.W.2d 547, 548–49 (Mo.1971); *State v. Sherwood*, 139 N.J.Super. 201, 203–05, 353 A.2d 137, 139–40 (1976); *State v. Carlton*, 83 N.M. 644, 654, 495 P.2d 1091, 1101 (1972); *State v. Parker*, 44 Ohio St.2d 172, 177, 339 N.E.2d 648, 652 (1975) (considered only as a factor toward voluntariness determination); *Commonwealth v. Alston*, 456 Pa. 128, 135, 317 A.2d 241, 245 (1974); *Crafton v. State*, 545 S.W.2d 437, 439 (Tenn.App.1976); *State v. Harbaugh*, 132 Vt. 569, 577–78, 326 A.2d 821, 826 (1974). Jurisdictions which have reached a contrary conclusion include North Carolina and Wisconsin. *See State v. Riddick*, 291 N.C. 399, 408, 230 S.E.2d 506, 512 (1976); *Micale v. State*, 76 Wis.2d 370, 374, 251 N.W.2d 458, 460 (1977).

The result we reach is supported by the language in *Miranda* in which the mandatory warnings are listed, 384 U.S. 479, 86 S.Ct. at 1630, 16 L.Ed.2d at 726. The right to have interrogation cease is not listed therein. Although is is clear that questioning must cease upon request of the person being interrogated, such an inclusion is not required by the *Miranda* decision and its omission does not provide a basis for reversal in this case on the ground alleged. Finding our resolution of this issue bolstered by the *Miranda* opinion, our prior case law, and the decisions of other jurisdictions, we hold that the right to have interrogation cease is not among those rights of which *Miranda* requires a person to be informed prior to custodial interrogation.

Like the 10th Circuit Court of Appeals and the Ohio Supreme Court, we conclude the omission or inclusion of the right to have interrogation cease goes to the voluntariness of the later statements. Here the issue arose as an abstract determination of the elemental adequacy of an evidentiary foundation rather than a particular showing of voluntariness. No issue of voluntariness is directly presented in this case, only the adequacy of the evidentiary foundation. We therefore proceed to a consideration of defendant's next alleged error.

■ VI. At the trial of this case, Tyrone Pierce testified that the defendant had confessed to him involvement with the Schweer murder while they were incarcerated in jail. As a part of his motion for a new trial, the defendant submitted the affidavit of a third person, one Charles Reese, with whom Pierce had been imprisoned, stating that Pierce had admitted perjuring himself at trial. He alleged such newly-discovered evidence to justify or in fact mandate the grant of a new trial. The trial court overruled said motion. We find no abuse of discretion and sustain the ruling of the trial court.

Trial courts have a considerable discretion in ruling upon motions for a new trial and such rulings will not be overturned absent an abuse of discretion, *State v. Sheffey*, 234 N.W.2d 92, 98 (Iowa 1975). Additionally, we have said that the recantation of the trial testimony of a witness should be regarded "with utmost suspicion". *State v. Jackson*, 223 N.W.2d 229, 234 (Iowa 1974); *State v. Compiano*, 261 Iowa 509, 516–17, 154 N.W.2d 845, 849 (1967). When a new trial is sought on the basis of newly-discovered evidence, the following must be shown: (1) the evidence was discovered after trial and before judgment; (2) it could not have been discovered during the trial in the exercise of due diligence; (3) it is material to the issue and not merely cumulative and impeaching; and (4) such evidence would probably change the result if a new trial were granted. *State v. Overstreet*, 243 N.W.2d 880, 886 (Iowa 1976); *United States v. Frye*, 548 F.2d 765, 769 (8th Cir. 1977).

We find the following facts support the ruling of the trial court. The prisoner to whom Pierce allegedly admitted his perjury, Charles Reese, assaulted Pierce in jail prior to Pierce's recantation, which may well have come about from Pierce's resultant fear of Reese. The fact that the supposed recantation came to the court by way of the affidavit of a third person, rather than from the witness, raises additional questions concerning its accuracy. Most importantly, there remained the testimony of two other witnesses to whom McGhee had confessed involvement in the murder. Our analysis of the record leads us to the conclusion that the new evidence would not have changed the result in this case if a new trial had been granted. Thus, the fourth of the aforementioned criteria is not met. The trial court properly concluded that a new trial was not justified by the newly-discovered evidence.

On the whole record we find no merit in defendant's allegations of error. This case is therefore affirmed.

Affirmed.