**In the Interest of C.T.F., A
Child, Appellant.**

**No. 66573.**

Supreme Court of Iowa.

March 17, 1982.

James Prescott and Roy Schlachtenhaufen, of Polk County-Des Moines Offender Advocate Office, for appellant.

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen., Brent D. Hege, Asst. Atty. Gen., Dan Johnston, Polk County Atty., and Rebecca Ann Belcher, Asst. Polk County Atty., for appellee.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

The sole issue presented in this appeal is whether a juvenile has a statutory or constitutional right to a speedy trial in a juvenile delinquency proceeding. The juvenile court determined that a juvenile does not have a right to a speedy trial. We hold that a juvenile has a constitutional, but not a statutory, right to a speedy trial. Since the juvenile in this appeal failed to show that he was denied his constitutional right to a speedy trial, however, we affirm the juvenile court.

On July 1, 1980, a petition was filed alleging that on June 16, 1980, C.T.F., a juvenile, committed a delinquent act, second-degree burglary in violation of sections 713.1 and 713.3, The Code. On July 11, a deputy clerk of the juvenile court mailed an original notice, with an attached copy of the petition, to both the juvenile and his father. The notice stated that they would be notified at a later date of the time and place of the hearing on the petition. On July 17 the juvenile's father filed an application on behalf of the juvenile for appointment of counsel. On October 8 the juvenile court appointed the juvenile's present attorney to act as his attorney and guardian ad litem.

On October 11 the attorney filed a motion to dismiss the petition, alleging that the juvenile's right to a speedy trial under the federal and Iowa constitutions and Iowa R.Crim.P. 27(2)(b) had been abridged. On October 15 the juvenile court scheduled a hearing on the petition for November 7. Prior to the commencement of the hearing on the petition, the juvenile court orally overruled the motion to dismiss on the basis that a juvenile does not have a right to a speedy trial in a juvenile delinquency proceeding. No evidence was offered in support of the motion.

Following the hearing the juvenile court, by written order, found the evidence sufficient to establish that the juvenile had committed the delinquent act, as alleged in the petition. After a dispositional hearing, the court entered an order releasing the juvenile, subject to specified conditions of probation, into the custody of his father.

The juvenile filed a timely notice of appeal, asserting that the juvenile court erred in overruling his motion to dismiss. He contends: (1) the sixth amendment to the United States Constitution and article one, section ten of the Iowa Constitution provide juveniles the constitutional right to a speedy trial, and (2) Iowa R.Crim.P. 27(2)(b) and section 232.2(49), The Code, provide juveniles a statutory right to a speedy trial.

I. *Statutory right to a speedy trial.* The juvenile maintains that the filing of a petition charging a juvenile with commission of a delinquent act, see § 232.35, The Code, is tantamount to filing an indictment or trial information in a criminal prosecution. He argues that since the Juvenile Justice Act, ch. 232, The Code, does not establish a time limit for commencing the formal adjudicatory hearing to determine whether the juvenile committed the alleged delinquent act, it would be reasonable to adopt the speedy trial provisions of Iowa R.Crim.P. 27(2)(b).[1] We disagree.

We have long recognized that a juvenile court proceeding is not a prosecution for crime, but a special proceeding that serves

---

1. Rule 27(2)(b) provides:
    It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this subsection may be made by the prosecuting attorney or the defendant or by the court on its own motion.

    . . . .
    b. If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

as an ameliorative alternative to a criminal prosecution.· *State v. McGhee*, 280 N.W.2d 436, 438 (Iowa 1979), *cert. denied*, 444 U.S. 1039, 100 S.Ct. 712, 62 L.Ed.2d 674 (1980); *In re Johnson*, 257 N.W.2d 47, 48 (Iowa 1977); *State v. White*, 223 N.W.2d 173, 175 (Iowa 1974). In *McGhee* and *White* juvenile defendants alleged violation of their right to a speedy indictment under section 795.1, The Code 1977 and 1971, respectively, *current version at* Iowa R.Crim.P. 27(2)(a), which provided in pertinent part: "When a person is *held to answer for a public offense*, if an indictment not be found against him within thirty days, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." (Emphasis added). This court determined that section 795.1 was not applicable to a juvenile court proceeding. We held that since a juvenile proceeding was not a criminal prosecution, a juvenile was not "held to answer for a public offense" until the juvenile was transferred to the district court for prosecution as an adult. *McGhee*, 280 N.W.2d at 438; *White*, 223 N.W.2d at 175–76.

As a result of the enactment of the new Criminal Code, the provisions of section 795.1 are found in Iowa R.Crim.P. 27(2)(a). Rule 27(2)(a), by virtue of a 1980 amendment by this court, *see* 1980 Session, 68th G.A., ch. 1208, expressly provides that its speedy indictment requirements are inapplicable to juvenile court proceedings.[2] It would therefore be inconsistent to hold that the speedy trial provisions of rule 27(2)(b) apply to such proceedings. Moreover, rule 27(2)(b) is applicable only when a defendant is "indicted for a public offense." *See also* Iowa R.Crim.P. 1(1) (delineating scope of rules of criminal procedure as "applicable to indictable offenses"). The filing of a petition accusing a juvenile of committing a delinquent act is not equivalent to indictment for a public offense in a criminal prosecution. A juvenile is not amenable to prosecution for a public offense under the provisions of the Criminal Code until it is ordered that the juvenile be transferred to the district court for prosecution as an adult. *McGhee*, 280 N.W.2d at 438–39; *In re Johnson*, 257 N.W.2d at 48–49. In addition, "delinquent act" is defined in relevant part as "[t]he violation of any state law or local ordinance *which would constitute a public offense if committed by an adult.*" § 232.2(11)(a), The Code (emphasis added). Since a delinquent act does not constitute a public offense, we hold that rule 27(2)(b) does not provide a juvenile the right to a speedy trial in a juvenile court proceeding.

The juvenile also contends that section 232.2(49), The Code, provides the right to a speedy trial in a juvenile proceeding. This issue was not raised in the motion to dismiss, however. Therefore, error, if any, has not been preserved. We will not consider issues raised for the first time on appeal. *In re Voeltz*, 271 N.W.2d 719, 722 (Iowa 1978).

II. *Constitutional right to a speedy trial.* The sixth amendment to the United States Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial ...." Similarly, article one, section ten of the Iowa Constitution provides in part: "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial ...." The juvenile contends that these provisions guarantee the right to a speedy trial in juvenile court proceedings.

Traditionally, juvenile delinquency proceedings were held to be special proceedings that were not subject to the provisions of either the state or federal constitutions; thus, juveniles did not enjoy the protection of constitutional rights applicable in criminal prosecutions of adults. *E.g., Wissen-*

2. Rule 27(2)(a) provides:

When an adult is arrested for the commission of a public offense, *or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to section 232.-45*, The Code, and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto. (Emphasis added).

burg v. Bradley, 209 Iowa 813, 816, 229 N.W. 205, 206–07 (1929). In 1967, however, the United States Supreme Court decided the landmark case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The Court held that when delinquency proceedings may result in the detention of the child, the due process clause of the fourteenth amendment requires states to observe certain fundamental rights. The Gault Court found the following constitutional guarantees applicable in such proceedings: the right to written notice of the specific charge in advance of the hearing; notification of the right to counsel, and to appointed counsel in case of indigency; the privilege against self-incrimination; and the right to a hearing based on sworn testimony, with the corresponding right of cross-examination. Id. at 31–57, 87 S.Ct. at 1445–59, 18 L.Ed.2d at 548–63.

The Gault Court refrained from stating that all constitutional rights of an adult in a criminal prosecution are available to a juvenile in a delinquency proceeding, however. Instead, the Court prescribed a case-by-case determination of the applicability of constitutional rights available in juvenile proceedings predicated on fair treatment, tempered by the nature of the juvenile hearing. The Court stated that "[t]he problem is to ascertain the precise impact of the due process requirement upon such proceedings." Id. at 13–14, 87 S.Ct. at 1436, 18 L.Ed.2d at 538.

The Supreme Court has applied its case-by-case due process test on several occasions since Gault. In In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), a twelve-year-old child was charged with a delinquent act for stealing money from a woman's purse, for which the juvenile could have been confined for a maximum period of six years. The Court held that under the due process clause the juvenile had a constitutional right to the beyond-a-reasonable-doubt standard of proof in the adjudicatory hearing. Id. at 368, 90 S.Ct. at 1075, 25

L.Ed.2d at 377–78. In McKeiver v. Pennsylvania, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647, 661 (1971), however, the Court held that a juvenile does not have a constitutional right to a jury trial in a delinquency proceeding. A plurality of the Court concluded that because of the impact a constitutionally required jury would have on juvenile proceedings, fundamental fairness did not require a jury trial. Id. at 543, 91 S.Ct. at 1985, 29 L.Ed.2d at 659–60.

■ The United States Supreme Court has not addressed the issue whether a juvenile has a constitutional right to a speedy trial in a delinquency proceeding. Nor has this court previously addressed the issue. A juvenile delinquency proceeding has not been held to be a "criminal prosecution" within the meaning of either the sixth amendment to the United States Constitution or article one, section ten of the Iowa Constitution. We hold, however, that the due process clauses of the fourteenth amendment to the Federal Constitution and article one, section nine of the Iowa Constitution provide juveniles the right to a speedy trial in delinquency proceedings.

■ Although we are not bound to do so, see In re Johnson, 257 N.W.2d at 49, we conclude that the Gault due process test should be applied in determining whether the due process clause of article one, section nine [3] requires a speedy trial. We therefore apply the same test under both federal and Iowa constitutional provisions. In balancing the fair treatment of juveniles against the effect that a right to a speedy trial would have on the juvenile justice system, we conclude that fundamental fairness requires that juveniles have the right to speedy trial.

Charging a juvenile with a delinquent act results in family stress and causes concern and anxiety on the part of the juvenile. It often affects the juvenile's relationships with peer groups, school officials, and other adult authorities. Also, unreasonable delay may affect the quality and quantity of evi-

---

3. The due process clause of article one, section nine, in language virtually identical to that of the fourteenth amendment, provides that "no person shall be deprived of life, liberty, or property, without due process of law."

dence presented, impairing the juvenile's defense and preventing a fair hearing. Finally, in the event the juvenile is found to have committed the delinquent act, the delay may be detrimental to the youth's rehabilitation. We therefore conclude that juveniles have a constitutional right to a speedy trial.

The State maintains that even if the juvenile has a constitutional right to a speedy trial there is no evidence in the record that the right was violated in this case. The State bases its contention on the four-factor test enunciated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for determining whether an accused has been denied the right to a speedy trial under the sixth amendment. In *Barker* the Court stated that under the circumstances of each case the following factors must be considered: (1) the length of the delay; (2) the reason for the delay; (3) whether the accused asserted the right; and (4) whether the accused was prejudiced by the delay. *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116–17. The court must balance all of these related factors. *Moore v. Arizona*, 414 U.S. 25, 26–27, 94 S.Ct. 188, 189–90, 38 L.Ed.2d 183, 185–86 (1973) (per curiam).

We believe the *Barker* test is appropriate for determining whether a juvenile has been denied the right to a speedy trial under the applicable due process provisions of both the federal and Iowa constitutions. Its application, however, should take into consideration the differences between adult criminal prosecutions and juvenile delinquency proceedings. In this case, as already noted, the juvenile did not offer any evidence to support his motion to dismiss. The record reveals only that the juvenile hearing commenced four months and one week after the petition was filed. There is no evidence concerning the reason for the delay, that the juvenile asserted and was denied the right to a speedy trial prior to the motion to dismiss, or that the juvenile was prejudiced by the delay. We therefore hold that the juvenile failed to prove that he was denied the right to a speedy trial.

Since the juvenile failed to prove that his constitutional right to a speedy trial was violated, we find no reversible error on the part of the juvenile court. Accordingly, we affirm the court's order adjudging that the juvenile committed a delinquent act.

AFFIRMED.