tionary jurisdiction. Admittedly, it would be easier to decide a case turning on common-law principles of property or contract, and more interesting to decide a case involving competing fundamental principles of constitutional law. But here, in grappling with the problem of air pollution on a nationwide basis, Congress has quite understandably enacted a very complex statute that seeks to accomplish regulatory goals while at the same time providing procedural protection for the regulated. It might have avoided some of the complexity by making the EPA administrator a virtual czar to the extent allowed by the Constitution, but it chose a more balanced approach. Congress has made this choice and has designated the courts of appeals to construe the innumerable provisions of the Act. We can avoid invocation of our jurisdiction to resolve conflicts among the decisions of the courts of appeals construing important sections of the statute only by breaking faith with the spirit, if not the letter, of those Acts of Congress making our jurisdiction in virtually all cases discretionary rather than obligatory. I therefore would grant the writ of certiorari.

No. 79–765. WEBSTER v. BOARD OF EDUCATION OF THE CITY OF CHICAGO ET AL. C. A. 7th Cir. Motion of Chicago Lawyers' Committee for Civil Rights Under Law, Inc., for leave to file a brief as *amicus curiae* granted. Certiorari denied.

No. 79–766. McGHEE v. IOWA. Sup. Ct. Iowa. Certiorari denied. MR. JUSTICE WHITE would grant certiorari.

No. 79–5383. G. G. v. ILLINOIS. App. Ct. Ill., 2d Dist. Certiorari denied. MR. JUSTICE MARSHALL would grant certiorari.

No. 79–5401. T.A.S. v. ILLINOIS. App. Ct. Ill., 2d Dist. Certiorari denied. MR. JUSTICE MARSHALL would grant certiorari.