UNITED STATES of America

v.

Joseph A. JOSEPH.

Crim. No. 81–70.

United States District Court,
E. D. Pennsylvania.

Nov. 5, 1981.

D. B. Huyett, John E. Riley, Asst. U. S. Attys. Philadelphia, Pa., for the U. S.

Howard N. Stark, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The jury, after four weeks of testimony, convicted defendant, Joseph A. Joseph, Clerk of Courts of Lehigh County, Pennsylvania, of violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Joseph now moves for judgment of acquittal, new trial and/or arrest of judgment. See Fed.R.Crim.P. 29, 33 and 35. The motions will be denied for the reasons set forth below.

■ Whether defendant is entitled to a judgment of acquittal pursuant to Fed.R. Crim.P. 29(c) requires reference to the evidence adduced at trial and consideration of whether all the inferences drawn therefrom, when viewed in the light most favorable to the government, support the jury's finding of guilt beyond a reasonable doubt. *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978); *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Such a review reveals that Joseph, in his official capacity as Clerks of Courts, had the responsibility to insure that the requirements of the bailbonding system, with which he had contact, were properly met. Usually, before signing the authorization necessary to release an incarcerated defendant whose bail had been set or increased, Joseph had to attest that a properly executed and valid power of attorney was appended to the bail application. The power of attorney binds the insuring company to pay the bond in the event that a defendant fails to appear at a scheduled court hearing. When defendants on bail abscond, judges frequently revoke bail, issue a bench warrant and order the bail estreated. "Estreatment" refers to the manner by which a defendant's bail form, with the power of attorney attached thereto, is transmitted to the county solicitor's office for appropriate collection action. Joseph, in an effort to aid a bailbondsman, Speetles, accepted bailbonds and signed for the release of prisoners absent the proper collateral; i. e., the power of attorney. For these efforts Joseph received from Speetles a fee of 1% of the face value of the bond. The jury heard testimony that this bribe activity took place at least four times. Moreover, in an effort to protect Speetles' financial position from the loss incident to estreatments, Joseph violated court orders by failing to promptly forward the relevant documents to the county solicitor's office for collection action. In consideration for this activity, the defendant received cash payments on two occasions from Speetles. The government's case relied heavily upon direct evidence from Speetles which was substantially corroborated by documentary evidence and testimony from various county employees and officials. For his involvement in the scheme, Speetles had previously tendered a guilty plea to one count of mail fraud. Hence, construing all the evidence in the light most favorable to the government, we conclude that there was sufficient evidence from which the jury could find defendant guilty beyond a reasonable doubt.

Rather than merely relying on alleged factual insufficiencies in support of his motion for judgment of acquittal, defendant relies heavily upon a legal interpretation of the RICO statute. We now turn to those contentions. Defendant argues that the reference to predicate state offenses contained in 18 U.S.C. § 1961(1) *incorporates* state substantive, procedural and evidentiary law as it applies to those delineated crimes and that the facts relied upon by the government prove nothing more than theft by extortion. Since that crime is not punishable by imprisonment for more than one year, defendant reasons, there is legally an insufficient basis for a RICO conviction.

■ This argument fails since the federal prohibition goes to "racketeering" and not the predicate state offense of "bribery". In fact, the state offenses referred to are "definitional only; racketeering, the federal

crime is defined as a matter of legislative draftsmanship by reference to state law crimes". *United States v. Frumento,* 563 F.2d 1083, 1087 (3d Cir. 1977), *cert. denied,* 434 U.S. 1072, 98 S.Ct. 1256, 55 L.Ed.2d 775 (1978). The notion that state procedural defenses are available to RICO defendants was squarely rejected in *United States v. Davis,* 576 F.2d 1065, 1067 (3d Cir.), *cert. denied,* 439 U.S. 836, 99 S.Ct. 119, 58 L.Ed.2d 132 (1978), where the court upheld a RICO conviction based upon predicate offenses which would have been barred by the state statute of limitations. *Cf. United States v. Frumento,* 563 F.2d at 1086 (a prior *acquittal* on a state predicate offense does not bar a subsequent RICO prosecution). *See also United States v. Pantone,* 634 F.2d 716, 718 (3d Cir. 1980). Other courts have reached the same conclusion. *For example,* in *United States v. Brown,* 555 F.2d 407, 418 n. 22 (5th Cir. 1977), *cert. denied,* 435 U.S. 904, 98 S.Ct. 1448, 55 L.Ed.2d 494 (1978), the court observed that the "reference to state law in the federal statute is for the purpose of defining the conduct prohibited and is not to incorporate . . . state . . . rules". (quotations omitted). *Accord, United States v. Malatesta,* 583 F.2d 748, 758 (5th Cir. 1978), *cert. denied,* 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979); *United States v. Salinas,* 564 F.2d 688, 692–93 (5th Cir. 1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1577, 55 L.Ed.2d 800 (1978). We accordingly reject defendant's motion for judgment of acquittal which is based upon state rule of statutory interpretation.

■ Noting that the indictment charges him with being associated with or employed by the "enterprise" of the Clerk of Courts, defendant argues that he *is* the Clerk of Courts and that it is "ridiculous" to charge him with being associated with, or employed by, himself. Defendant's argument here, too, misses the mark; the Clerk of Courts of Lehigh County is "an office", 16 Pa.P.S. § 4301 (Purdons), to which eligible candidates seek election pursuant to the relevant statute, 16 Pa.P.S. § 1301 (Purdons). Joseph, although holding that office is not *the* office, he is merely its manager

and caretaker. Upon him falls the primary responsibility to oversee, manage and make certain that the responsibilities of the office are properly discharged. Moreover, *United States v. Turkette,* —— U.S. ——, ——, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981) recently held that an "enterprise" is an "entity" and "associates" thereof, who commit the requisite number of racketeering acts, are properly charged in a RICO indictment. Additionally, an "enterprise" can consist of one person. *United States v. Fineman,* 434 F.Supp. 189 (E.D.Pa.1977).

■ Defendant also argues that the failure to timely forward estreatments to the solicitor's office does not constitute a violation of a known legal duty and, therefore, that he should be acquitted. This argument is premised upon the contention that the laws which require estreatments to be forwarded are so confusing that defendant could not be expected to know and understand the duties which they impose. Even accepting this argument, testimony at trial revealed a number of breaches of known legal duties. For example, estreatments and bail conditions were established by court order. Failure to estreat in a timely manner was in violation of such an order. Likewise, accepting a bond without the court-ordered collateral constitutes a breach of a legal duty.

■ Finally, in support of his Rule 29 motion, defendant argues that portions of Speetles' testimony were "simply incredible". Issues of credibility, however, are not properly raised at this stage. *See United States v. Williams,* No. 81–154 (E.D.Pa. September 28, 1981) (credibility is a matter for the fact-finder at trial). Accordingly, we will deny defendant's motion for judgment of acquittal.

■ Fed.R.Crim.P. 34 provides in relevant part that motions in arrest of judgment shall be granted

> if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged.

In the case at bar, Joseph argues that the government's proofs failed to establish that his activities had the requisite impact on interstate commerce and, therefore, that the Court was without jurisdiction to hear the matter. We disagree.

■ The government's proof included a series of "GI" exhibits, each of which showed that the enterprise affected interstate commerce. GI 1, 2, 3 and 4 are requisition slips prepared by defendant and sent to the county purchasing agent who then procured supplies in interstate commerce. Joseph argues that since *he* neither directly purchased nor requested that the goods be obtained in interstate commerce, that he did not have any effect thereon. This argument misconstrues the interstate aspect of the RICO statute which requires that the enterprise, rather than defendant's enterprise activities, affect interstate commerce. As we previously observed, a defendant's racketeering activity "need not affect interstate commerce; rather, the named *enterprise*, not the individual defendant, must be engaged in or affecting interstate commerce." *United States v. Joseph*, 510 F.Supp. 1001, 1003 (E.D.Pa.1981) (emphasis in original). *Cf. United States v. Rone*, 598 F.2d 564, 573 (9th Cir. 1979) (the government must show a "nexus of the enterprise to interstate or foreign commerce, albeit minimal", to satisfy the requirement). Requisitions by the Clerk's office for supplies subsequently purchased in interstate commerce suffices to meet the alleged jurisdictional defect. *United States v. Altomare*, 625 F.2d 5, 8 (4th Cir. 1980).

Additionally, GI 5 is a qualified power of attorney from International Fidelity Company, an out-of-state insurance company, dated October 18, 1977, and filed six weeks thereafter in the Clerk's office. The document appoints Speetles as Lehigh County agent and evidences an interest on behalf of that company to be liable for bonds written by its agent.

GI 6 is a revocation of Allied Fidelity Corporation's power of attorney previously executed on behalf of Speetles. Importantly, this document was mailed from, and notarized in, Indiana.

Joseph argues that these powers of attorney are incompetent to prove the enterprise's impact on interstate commerce since the out-of-state insurance companies registered with the Pennsylvania Insurance Commissioner and because collections made from such companies were taken out of *intrastate* "build up" funds which bondsmen maintain. The attempt to metamorphasize an out-of-state company into a wholly intrastate operation, based solely upon its registration with the Commonwealth, is a feat of legal alchemy unsupported by the record. Likewise, defendant's argument regarding the intrastate "build up" fund is misplaced. True, when successful collection actions were taken against bonds, the insurance company paid its debt from the agent's in-state fund. However, the out-of-state company stood behind that fund and was liable for debts which exceeded the fund's assets. Hence, both GI 5 and 6 satisfy the interstate jurisdictional requirement and we will deny defendant's motion for arrest of judgment.

Defendant's final motion, requesting a new trial, argues that a plethora of pre-trial and trial errors compel the relief which he seeks.

Initially, Joseph argues that statements made prior to his arrest and pursuant to FBI questioning were "confessions" or "self-incriminating" remarks, 18 U.S.C. § 3501(e), triggering the full panoply of rights delineated by 18 U.S.C. § 3501. Those rights include a hearing outside of the presence of the jury to determine whether the confession was voluntary; where a court finding of voluntariness is made, the jury must then be instructed on that issue. These protections apply only to confessions made while under arrest or subject to "other detention". 18 U.S.C. § 3501(d). The defendant did not allege at trial, and does not now charge, that he made incriminating statements under arrest or subject to detention.

■ The evidence reveals that defendant had numerous pre-indictment contacts with the FBI. Some of these occurred in

his own office while others were at the FBI offices in Allentown, Pennsylvania. Each meeting was arranged in advance. The FBI told Joseph that he could have an attorney present when they spoke and that he could conclude any conversation with them by simply walking away. Hence, Joseph was not "under detention" when he made incriminating statements and rights protected by § 3501 were not offended.

Moreover, although we do not have the benefit of a transcript to guide us and, notwithstanding our hesitation to rely on judicial memory which may be "unclear" at times, *United States v. Williams*, No. 81–154 (E.D.Pa. September 28, 1981), slip op. at 2, our notes reflect argument in chambers regarding the voluntary nature of Joseph's statements. Further, that portion of the charge which instructed the jury that they are the sole judges of the facts, that they alone must judge the credibility of the witnesses and determine the weight to be given to testimony, satisfies the duty to charge on the issue of voluntariness. *United States v. Panepinto*, 430 F.2d 613, 618 n. 15 (3d Cir. 1970), *cert. denied, Orangio v. United States*, 400 U.S. 949, 91 S.Ct. 258, 27 L.Ed.2d 256 (1971); *see also United States v. Williams*, 484 F.2d 176, 178 (8th Cir.), *cert. denied*, 414 U.S. 1070, 94 S.Ct. 581, 38 L.Ed.2d 475 (1973). We also note that defendant failed to object to the charge as it related to the voluntariness of any confession. Fed.R.Crim.P. 30. Hence, even if § 3501 applies, the Court properly discharged its statutory obligation to determine the issue of voluntariness outside the presence of the jury and to properly instruct them on that issue.

■ Defendant also assigns as error our refusal to charge the jury on points 1–6 which consisted of handwritten points submitted *after* the government closed and based upon state law. For the reasons discussed *infra*, namely, that state law does not control a RICO case, we properly denied the points. An additional reason which we gave was that Fed.R.Crim.P. 30 requires that points be submitted "[a]t the close of evidence or at such earlier time ... as the

court ... directs". Failure to observe the rule makes it difficult for opposing counsel to "intelligently argue his case to the jury [since he does not know] what the court's instructions will be". *United States v. Gallagher*, 576 F.2d 1028, 1043 (3d Cir.), *cert. denied*, 444 U.S. 1040, 100 S.Ct. 713, 62 L.Ed.2d 674 (1978). Since the points were untimely submitted, we affirm our trial ruling that they were properly denied.

■ Defendant also challenges the admission of various bribes consisting of undisclosed amounts of money and on dates unspecified in the indictment. Specifically, Joseph complains that Speetles' direct testimony of 30 or 40 payments to defendant violated a prior court order requiring the government to re-allege paragraph 5(d) of the indictment with the same degree of particularity as contained in paragraphs 5(a) and (b). We further ordered that failure to do so would bar proof thereof at trial. *United States v. Joseph*, 510 F.Supp. at 1006. Our prior order, however, was in the context of a motion for a bill of particulars filed by defendant in an effort to "flesh out" paragraph 5(d) of the indictment which broadly alleged bribe receipts from 1977 to 1979. Our order effectively prohibited the government from introducing *substantive* proof of those payments absent particularization. Prior to trial the government filed a bill of particulars which it subsequently amended. Testimony regarding the particularized allegations was properly introduced as substantive proof. Testimony of the unparticularized bribes placed the particularized bribes into a general context, plan or scheme and were admissible. Fed.R.Ev. 404(b). Had the government been unable to particularize paragraph 5(d) we would have barred the admission of testimony on that count if offered as substantive proof since it would have been of insufficient quality upon which to predicate a conviction.

Additionally, our notes reveal that all counsel agreed to the following cautionary instruction to the jury:

in connection with the evidence, you will recall that Robert Speetles testified that

he paid sums of money to the defendant on 30 or 40 occasions and thus went beyond the specific charges for which the defendant has been indicted. Such evidence was admitted solely for the purpose of establishing motive, intent, plan or scheme and not for the purpose of proving the specific charges in the indictment. Therefore, you shall not consider that evidence in determining guilt or innocence of the specific crimes charged in the indictment. As we previously charged, the defendant is not on trial for any act or conduct not alleged and charged in the indictment.

Given this limiting instruction, we believe that the challenged portion of Speetles' testimony was properly admitted. *United States v. Pantone*, 609 F.2d 675, 682 (3d Cir. 1979); *United States v. Goichman*, 547 F.2d 778, 782 (3d Cir. 1976).

We now turn to defendant's next contention, that government counsel conducted themselves improperly during the trial. This argument is based upon an allegation that the government's closing contained improper remarks and that their rebuttal went beyond the scope of defendant's closing. Considering the first allegation, the government, in closing, properly commented upon the evidence. At one point, however, the government rhetorically asked the jury why was it that the defendant had not brought in others to corroborate his testimony. Immediately, upon motion for a mistrial, the Court instructed the jury that a defendant is never required to produce any evidence and that the burden of proof is always on the government. As to the charge that the government's rebuttal went beyond the scope of defendant's five-hour closing, our notes reveal to the contrary.

Finally, we have reviewed the remainder of defendant's points raised in support of his motion for a new trial and find them lacking in merit.