Glen LEHPAMER, Plaintiff,

v.

Stanley D. TROYER, Chief of the Police
Department of the Village of
Downers Grove, Illinois, Defendant.

No. 84 C 3144.

United States District Court,
N.D. Illinois, E.D.

Feb. 4, 1985.

Stanley H. Jakala, Berwyn, Ill., for plaintiff.

David Lincoln Ader, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion to dismiss plaintiff's amended complaint under § 1983 and the First and Fourteenth Amendments to the United States Constitution. For the reasons stated herein, defendant's motion to dismiss is granted.

## I. FACTS

Plaintiff Glen Lehpamer is a police officer currently employed by the Village of Downers Grove Police Department. Defendant Stanley D. Troyer is the Chief of the Downers Grove Police Department. Since 1978, plaintiff has been subject to various evaluations by the police department. Plaintiff has spoken out against some poor evaluations, which were eventually upgraded. Plaintiff was suspended on July 17 and 18, 1982, in connection with an alleged shouting match with one of his supervisors relating to plaintiff's police performance. The suspension was subsequently reversed by the Downers Grove village manager.

In addition, plaintiff alleges that, due to the suspension's reversal, the defendant referred the plaintiff for psychological testing which resulted in a report dated August 2, 1982. Further psychological testing and evaluations were conducted on the plaintiff. However, plaintiff does not allege that these evaluations were used to discontinue the plaintiff in testing for sergeant's promotions. Plaintiff alleges only that the psychological testing was "prejudicial."

Plaintiff also alleges that he was denied light duty police assignments, necessitated by an off-duty related incident, because he had spoken out against his poor evaluations. In support of this allegation, he states that he informed his supervisors of back pain which prevented him from driving a squad car, but that his supervisors would not assign him to other duty. However, plaintiff does not allege that any light duty assignments were available, even though he states that it was the custom and practice of the police department to assign light duty to persons with off-duty injuries.

Finally, plaintiff alleges that he took a written examination for promotion to sergeant, but he did not get the promotion. The examination was allegedly graded "in-house" and not by an outside testing center. Therefore, plaintiff concludes that he was denied his sergeant's promotion on the basis of defendant's bias and prejudice toward him for speaking out against poor evaluations and in defense of his performance as a police officer.

From these allegations, plaintiff sets forth four grounds for denial of his civil rights: (1) violation of his First Amendment right to speak out regarding personnel practices; (2) violation of the due process clause of the Fourteenth Amendment; (3) violation of the liberty interest clause of the Fourteenth Amendment; and (4) violation of the equal protection clause of the Fourteenth Amendment.

## II. DISCUSSION

A complaint should not be dismissed unless it appears beyond doubt that plaintiff could prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). As a corollary to this rule, a district court must take all well-pleaded facts in plaintiff's complaint as true.

### 1. *Violation of First Amendment Rights*

Plaintiff alleges numerous adverse actions which occur in retaliation for, and therefore as a consequence of, his complaints regarding poor job evaluations and the unwillingness of the defendant to assign plaintiff to light duty due to his off-duty injury. The bias allegedly directed toward plaintiff in connection with the sergeant's promotional examination is also re-

lated to plaintiff's complaints about his job evaluations. In addition, the prejudicial psychological testing arose out of plaintiff's complaints.

Defendant counters that there is no duty to provide plaintiff with light duty work and there was also none available. Regarding the psychological testing, defendant avers generally that acts in retaliation for an employee's comments do not violate or curtail the employee's First Amendment rights where his comments relate to purely personal matters, such as job evaluations and assignments. Finally, defendant argues that the sergeant's promotional examination is not of the type which is open to bias and prejudice in the grading process.

■ It is well established that an employee cannot be disciplined consistently with the due process clause in retaliation for the exercise of his First Amendment rights. *Altman v. Hurst,* 734 F.2d 1240, 1243 (7th Cir.1984); *see also Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972). The Supreme Court, in *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), recently announced a test to determine when the First Amendment protects the speech of public employees. It held there "that when a public employee speaks not as a citizen upon matters only of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Id.* at 147, 103 S.Ct. at 1690.

The *Connick* test has been applied to bar § 1983 claims involving personnel disputes brought under the guise of a First Amendment violation. In *Connick,* an assistant district attorney was fired for insubordination for distributing a questionnaire to other district attorneys in the office. The questionnaire concerned office transfer policy, office morale, the need for a grievance committee, the level of confidence in supervisors, and whether employees felt pressured to work in political campaigns. The

Supreme Court, finding that at least the last issue was one of public concern, nevertheless concluded that the questionnaire, on the whole, did not involve speech of public concern. Instead it characterized the questionnaire as an act of insubordination motivated by plaintiff's unhappiness over a planned transfer. *Id.* at 151, 103 S.Ct. at 1692. Given the essentially "private motive" for the speech, the Court found that plaintiff's firing was not actionable under § 1983.

In the present case, the speech involves plaintiff's complaints about poor job evaluations and work assignments. The speech here is analogous to the employee dispute in *Altman v. Hurst,* 734 F.2d 1240 (7th Cir.1984). In *Altman,* a police officer was disciplined because he encouraged another officer to appeal her suspension and in retaliation for his filing the civil rights lawsuit. The court affirmed the dismissal of the complaint, finding that plaintiff's speech-related conduct involved a private personnel dispute, but not matters of public concern. *Id.* at 1244. In concluding that the plaintiff policeman's First Amendment rights had not been violated, the *Altman* court observed: "Such disputes are best left to internal procedures established by employers and employees or, as here, where no such protection exists or where such procedures are inadequate, through state court adjudication." *Id.*

In the present case, plaintiff police officer alleges certain retaliatory acts which involve unfair work assignments (no light duty assignments given to plaintiff) and unfair treatment in the sergeant's promotional procedures, resulting in plaintiff's withdrawal from the promotional procedure. These acts arise as a consequence of plaintiff's complaints about poor job evaluations and the defendant's unwillingness to grant plaintiff light duty assignments for an off-duty injury. Plaintiff contends that his complaints constitute speech relating to matters of public concern under the *Connick* test because the Illinois Civil Service Act, Ill.Rev.Stat., Ch. 24, § 10–2.1–1, *et seq.,* makes police personnel policy a matter

of concern to the public which the police department serves.

The Court rejects plaintiff's attempt to transform speech related to dissatisfaction with personnel decisions into protected speech relating to matters of public concern. In attempting to draw the line between personnel disputes and policy and matters of public concern, the Court finds the reasoning in *Murray v. Gardner*, 741 F.2d 434 (D.C.Cir.1984), to be persuasive, and the case of *Begg v. Moffitt*, 555 F.Supp. 1344 (N.D.Ill.1983), relied upon by plaintiff, to be distinguishable. In *Begg v. Moffitt, supra*, First Amendment protection was accorded a policeman who made accurate public comments about proceedings in open court in which a ticket quota which directly affected the public was declared illegal. 555 F.Supp. at 1353.

In the present case, the plaintiff's speech does not involve a policy which directly affects the public as the ticket quota did in *Moffitt*. The Court finds that all of plaintiff's comments relate to purely personal matters which plaintiff raised with his employer. In addition, as in *Murray v. Gardner, supra*, plaintiff's questioning of defendant's personnel policy does not involve matters of public concern merely because public monies and government efficiency are involved. 741 F.2d at 438. The Court's finding is bolstered by the fact that plaintiff's complaints would not enrich the public's store of appropriate knowledge regarding the operation of the police department as it affects the public. *Id.*

█ Since plaintiff's speech does not involve matters of public concern, his First Amendment rights could not be violated. Since his First Amendment rights have not been violated, the Court grants defendant's motion to dismiss Count I of plaintiff's complaint.

### 2. *Violation of Due Process Property Interests*

Plaintiff alleges a property interest in a light duty assignment when he could not carry on with regular police work because of an injury which he sustained from off-duty activities. This property interest arises out of a "custom and practice" of the Downers Grove Police Department, and not a contract or statute. Defendant counters that light duty assignment is neither a statutorily-created interest, a contractually-created interest, nor an interest created by custom and practice. Even if there is such an interest, defendant argues that plaintiff has not exhausted his remedies in state court and that a post-deprivation hearing would be sufficient.

A property interest arises for purposes of the due process clause, "if there are such rules or mutually explicit understandings that support [a] claim of entitlement to the benefit...." *Altman v. Hurst, supra*, 734 F.2d at 1242 (citing *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972)). If a cognizable property interest arises out of a mutually explicit understanding, it does not follow that plaintiff is due a predeprivation hearing. *Altman v. Hurst, supra*, 734 F.2d at 1242. In *Altman*, the court concluded that plaintiff "could receive all the process he was due in a post-deprivation hearing; namely, a state tort action for wrongful deprivation of his property." *Id.* at 1242. The court in *Altman* noted that the plaintiff did not assert a property interest arising out of contractual obligations contained in his employment contract. *Id.* at 1242 n. 7.

█ In the present case, plaintiff alleges a custom and practice establishing light duty assignments for off-duty injury. He alleges no statute or contract as the basis for this alleged property interest. While it expresses doubt regarding the existence of a property interest such as alleged in this case, the Court finds that the interest, if any, in light duty assignments due to off-duty injury is insubstantial in relation to the substantial interest of the police department in managing work schedules and assignments. *Id.* Therefore, as in *Altman*, the Court in the present case finds that, assuming the plaintiff is due any process for his deprivation, state court remedies provide ˌsufficient relief for purposes of section 1983. Accordingly, defendant's mo-

tion to dismiss Count II of plaintiff's complaint is granted.

### 3. *Violation of Due Process Liberty Interest*

Plaintiff alleges that denial of light duty assignments and discontinuation from the sergeant's promotional procedure constitute deprivation of a liberty interest under due process because these deprivations occurred in retaliation for the exercise of his First Amendment rights. Defendant counters that no liberty interest can be involved because plaintiff is still employed by defendant and he is free to seek alternative employment.

The Supreme Court has held that even the loss of one's job does not amount to a deprivation of "liberty," as long as one remains free to obtain alternative employment. *Paul v. Davis,* 424 U.S. 693, 709–10, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976), *reh. denied,* 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). In *Webster v. Redmond,* 599 F.2d 793 (7th Cir.1979), *cert. denied,* 444 U.S. 1039, 100 S.Ct. 712, 62 L.Ed.2d 674 (1980), the Seventh Circuit Court of Appeals has held that no liberty interest is implicated where a plaintiff is denied a promotion, since he remains free to seek alternate employment if dissatisfied with his job. *Id.* at 798.

In the present case, plaintiff's allegations of a liberty interest in light duty assignments and the sergeant's promotional procedure standing alone are foreclosed by *Webster v. Redmond, supra.* Plaintiff's allegation of deprivation of these interests based on First Amendment rights being violated might be actionable. However, the Court has already found that plaintiff's speech does not involve First Amendment rights. Therefore, the alleged liberty interests cannot survive based on an alleged violation of First Amendment rights.

Plaintiff also relies on *DiIulio v. City of Northlake,* 682 F.2d 666 (7th Cir.) *cert. denied,* 459 U.S. 1038, 103 S.Ct. 451, 74 L.Ed.2d 605 (1982), for the proposition that he has a liberty interest in a fair promotional system. However, *DiIulio* is distinguishable from the present case. In *DiIulio,* the court held that the plaintiffs had a liberty interest in not being subjected to an arbitrary system of promoting personnel. The interest in *DiIulio* involved substantive due process because plaintiff's interest was in not being subjected to an arbitrary system—a substantive constitutional right. *Begg v. Moffitt,* 555 F.Supp. 1344, 1347 n. 7 (N.D.Ill.1983).

In the present case, as in *Moffitt,* plaintiff does not allege that the scheme used by defendants was an arbitrary one; he attacks only the decisions made in his case, not the overall system. *Id.* Therefore, in this situation, *DiIulio* is distinguishable and *Webster* controls to defeat plaintiff's liberty interest claim. Accordingly, defendant's motion to dismiss Count III of plaintiff's complaint is granted.

### 4. *Violation of Equal Protection*

Plaintiff alleges a violation of equal protection because he was not given light duty assignments for off-duty injury. He alleges that he was treated differently from others who were granted light duty assignments. However, plaintiff identifies no officers who received light duty assignments nor any positions available involving light duty assignments. Defendant argues that plaintiff's equal protection claim is based on his First Amendment claim.

A mere inconsistency in the way the state treats persons is not the basis for an equal protection claim unless it is caused by the defendants' purposeful and intentional discrimination. *Shango v. Jurich,* 681 F.2d 1091, 1103–04 (7th Cir.1982). Where, as here, the only purpose or intent alleged in the complaint is an intent to retaliate against plaintiff for his comments on personnel policy, plaintiff's equal protection claim is indistinguishable from his First Amendment claim. *Begg v. Moffitt, supra,* 555 F.Supp. at 1353 n. 32. Therefore, in the present case, since the plaintiff alleged no basis for purposeful or intentional discrimination other than retaliation for his comments regarding personnel poli-

cy, the Court finds that his equal protection claim is indistinguishable from his First Amendment claim and likewise should be dismissed. Accordingly, defendant's motion to dismiss Count IV of plaintiff's complaint is granted.

## III. CONCLUSION

Defendant's motion to dismiss all four counts of plaintiff's complaint is granted.

IT IS SO ORDERED.