STONE, Judge.
This is an appeal from a judgment holding the rent escalation provisions of a ninety-nine-year lease to be unconscionable. The trial court granted relief to the plaintiff cooperative association by declaring all present and future rent escalations to be void. The lease has been in effect for over twenty years.
The trial court fixed future rent at a specified permanent figure. The court additionally reduced the overall term of the lease from ninety-nine to fifty years, and declared that the fee simple ownership interest of the lessor be transferred without compensation to the lessee at the time the final payment of rent is made. We affirm in part and reverse in part.
In 1980 Congress enacted the Federal Condominium and Cooperative Abuse Relief Act, 15 U.S.C. § 3608, granting the trial courts wide latitude in fashioning appropriate relief upon a finding of uncon-scionability. The remedies may include rescission or reformation of the lease and damages.
Here, the court found that the plaintiff established that the requirements of the federal statute had been met and that the escalation clause provisions of the lease were unconscionable.
We reject appellant’s contention that the application of the Act to a lease already in existence, by interfering with the enforcement of an unconscionable provision of that lease, deprives appellant of due process of law. Bay Colony Condominium Owners Ass’n v. Origer, 586 F.Supp. 30 (N.D.Ill.1984). In Bay Colony, the court held that due process is not violated where an unconscionable, and therefore invalid, provision in a lease is the object of the remedy:
[T]he Condominium Act interferes with no contractual rights, vested or otherwise ... [T]he Condominium Act does provide for judicial review of leases entered into before the Act itself was passed. A court reviewing a lease under the Condominium Act is granted wide latitude in fashioning remedies to cure any unconscionability in the lease. However, these remedies are directed solely to unconscionable lease provisions, so there is no interference with any valid contract rights. It is axiomatic that a court may refuse to enforce a contract which was unconscionable at the time it was made. [Defendant’s] payments under the lease will thus be affected only if the Court determines that the lease is unconscionable — and in such a case [defendant] would have no enforceable right to the payments. There can be no claim of denial of due process absent deprivation of either a liberty or property right. Webster v. Redmond, 599 F.2d 793, 801-02 (7th Cir.1979), cert. denied sub nom. Webster v. Board of Education of City of Chicago, 444 U.S. 1039, 100 S.Ct. 712, 62 L.Ed.2d 674 (1980).
Furthermore, the Condominium Act provides ample opportunity to defendants to show that the lease is not unconscionable. The statute sets forth certain characteristics which lead to a rebuttable presumption of unconscionability, but it does not purport to invalidate per se any particular lease .... (citations omitted)
Id. at 33-34. See also Ballstaedt v. Amoco Oil Co., 509 F.Supp. 1095 (N.D.Iowa 1981). We also agree with appellee’s position that the defense of estoppel should not be used to bar an attack on transactions contrary to public policy. See Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA *1259 1982), rev. denied, 434 So.2d 889 (Fla.1983). See also Sherba Bros. v. Campbell, 361 So.2d 814 (Fla. 4th DCA 1978); Wash Bowl Vending Co. v. No. 3 Condominium Association, Village Green, Inc., 485 So.2d 1307 (Fla. 3d DCA), rev. denied, 492 So.2d 1336 (Fla.1986).
However, we conclude that the trial court did err in reducing the term of the lease and divesting appellant of ownership of the land. This drastic remedy was not necessary in order to enforce the Act, and is unreasonably punitive. There is insufficient support in the record for such relief, notwithstanding the invalid provision for rent escalation. Appellee argues that this additional remedy is reasonable, even without regard to the Act, because the court may consider the entire transaction and not just the escalation clauses. See Steinhardt v. Rudolph, 422 So.2d 884. However, the finding of unconscionability in this case, to the extent supported by the proof, is reasonably remedied by the provisions of the judgment preventing the present and future enforcement of the invalid escalation clauses, and by the money damage provisions in the judgment for overpayments, together with interest, costs, and attorney’s fees.
Since we uphold the applicability of section 3608 the Act, appellant’s laches issues are moot. We find no merit in appellant’s contention that the court erred in failing to require that the lawsuit be filed as a class action, or that 15 U.S.C. § 3608 violates state sovereignty by encroaching into state judicial functions. See also Bay Colony Condominium Owners Ass’n v. Origer, 586 F.Supp. 30. Finally, we need not address the issue of compliance with the criteria in the Act for establishing a presumption of unconscionability because the court found that unconscionability had been proven without regard to the statutory presumption. This finding was supported by competent evidence. .
The plaintiff, by cross appeal, asserts that the court erred in computing attorney’s fees due the prevailing party. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Plaintiff argues that the trial court is required to include an enhancement factor in computing a reasonable fee, notwithstanding that plaintiff’s fee agreement with counsel is not contingent. It asserts that this is required by Alston v. Sundeck Products, Inc., 498 So.2d 493 (Fla. 4th DCA 1986). However, we find no such requirement in Alston and no error in the manner of computing attorney’s fees here. See also Miami Children’s Hospital v. Tamayo, 529 So.2d 667 (Fla.1988).
Therefore, we strike paragraphs 5 and 6 of the final judgment, which contain the provisions reducing the term of the lease and requiring transfer of title. In all other respects the final judgment and judgment taxing attorney’s fees are affirmed.
DOWNEY and LETTS, JJ., concur.