Donald W. **ALLEN,** Plaintiff,

v.

**CITY OF CARMEL, INDIANA,**
Defendant.

No. IP 92-927 C

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 3, 1993.

---

Indiana ("Carmel"). demoted him from the position of Assistant Chief of Police to Lieutenant without a notice and hearing as required by Ind. Code § 36–8–3–4. We find that Allen has no protectible property interest in his position and therefore grant Carmel's motion and deny Allen's motion for summary judgment.

## BACKGROUND

The Carmel Police Department hired Allen on September 26, 1977. He received several promotions and on January 18, 1988, the Carmel Board of Works and Public Safety ("Board") promoted Allen to the rank of Major. On November 14, 1991, the Board passed Resolution 11–4–91–2 ("Resolution") reaffirming Allen's promotion:

> We, The Carmel Board of Public Works & Safety, at the request and insistence of Mayor Dorothy Hancock, hereby affirm that the following officers of the Carmel Police Department were appointed to the permanent rank of Major as follows: ... 2. Major Donald W. Allen—Permanent Major of the Carmel Police Department effective January 19, 1988.

John C. Ruckelshaus and M. Elizabeth Bemis, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, IN, for plaintiff.

Charles B. Baldwin and Jerrilyn P. Ramsey, Locke Reynolds, Boyd & Weisell, Indianapolis, IN, for defendant.

## ENTRY

BARKER, District Judge.

Plaintiff Donald W. Allen ("Allen") brings a procedural due process claim under 42 U.S.C. § 1983 and Ind. Code § 36–8–3–4 maintaining that Defendant, City of Carmel,

The rank of Major qualified as an "upper level policy making position" under Ind. Code § 36–8–1–12.[1] On January 1, 1989, Allen was appointed to Assistant Chief and on November 22, 1991, he was appointed Chief of the Carmel Police Department. On January 1, 1992, the Board demoted Allen to the rank of Lieutenant. The Board explained its action in Resolution 92–2–5, stating that it only had the authority to appoint members and other employees of the police department other than those in an upper level policy making position. In April 1992, Allen was offered a position as Administrative Assistant to the Board of Public Works. He declined the offer on May 1, 1992.

---

1. Ind. Code § 36–8–1–12 defines an "upper level policy making position" as follows:
   ... the position held by the police chief ... and to each position held by members of the police department in: (1) The next rank and pay grade immediately below the chief, if the authorized size of the department is: (A) More than ten (10) but less than fifty-one (51) members, in the case of a police department; ... or (2) The next two (2) ranks and pay grades immediately below the chief, if the authorized size of the department is: (A) More than fifty (50) members, in the case of a police department....

Allen claims that Indiana Code § 36–8–3–4(c) entitled him to a hearing before his demotion. The section provides:

> Before a member of a police or fire department may be suspended in excess of five (5) days, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing, if demanded. Written notice shall be given either by service upon the member in person or by a copy left at the member's last and usual place of residence.

Carmel responds that Allen falls within Ind. Code § 36–8–3–4(m), a statutory exception to the above provision which states:

> The executive may reduce in grade any member of the police or fire department who holds an **upper level policy making position.** The reduction in grade may be made without adhering to the requirements of subsections (b) through (1). However, a member may not be reduced in grade to a rank below that which the member held before the member's appointment to the upper level policy making position. (emphasis added).

Both parties have stipulated that Allen's position before his demotion was an "upper level policy making position." Stipulation of Fact ¶ 8. Allen, however, contends that § 36–8–3–4(m) does not control this case because the Board's promotion, rather than appointment, of Allen to the rank of permanent Major conferred on him a protectible property interest.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. Proc. 56(c). In passing on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or determine the truth of the matter, but it is instead to decide whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If doubts remain as to the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment denied. *See Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir.1989).

## § 1983 CLAIM

Both parties seek summary judgment on Allen's § 1983 claim. In order to bring a due process claim under the Fourteenth Amendment, the plaintiff must have a protectible property interest and must be deprived of that interest without due process of law. *See Perry v. Sindermann,* 408 U.S. 593, 599, 92 S.Ct. 2694, 2698–99, 33 L.Ed.2d 570 (1972). In *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court defined the scope of property interests under the 14th Amendment:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.... Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

In *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), the Supreme Court made it clear that "the sufficiency of the claim of entitlement must be determined by reference to state law." Where state law mandates that a government employee cannot be fired except "for cause", state law creates "property" which cannot be taken away without procedural due process. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494

(1985); *Schultz v. Baumgart*, 738 F.2d 231 (7th Cir.1984) (statute permitting discharge of employee only "for cause" creates property right in job).[2]

The central issue in this case is whether Allen holds a protectible property interest in his rank of Major. A property interest may arise from a statute, ordinance or contract. *State ex rel. Dunlap v. Cross*, 403 N.E.2d 885, 888 (Ind.App.Dist. 3 1980). Because the parties have stipulated that Allen's position before his demotion was an "upper level policy making position," under § 36-8-3-4(m), the executive can demote him without a hearing. Thus, the state statute is not the basis of Allen's property interest in this case. However, a local ordinance, such as the Board's Resolution can confer a protected property interest. *See Sowers v. City of Fort Wayne, Ind.*, 737 F.2d 622 (7th Cir. 1984) (General Ordinance G-29-75 gave fire fighters property interest in promoted ranks of which they could be deprived only for cause and with due process of law).

Moreover, a local ordinance confers a property interest even if a state statute provides otherwise. For example, in *Myers v. City of Fort Wayne, Ind.*, 729 F.Supp. 625 (N.D.Ind.1990), the district court addressed whether § 36-8-3-4(m) superseded a conflicting local ordinance (G-29-75) which required a notice and hearing. The court held that the statutory exception did not divest the fire fighters of a property interest because "[s]ubsection (m) does not express the intent of the state legislature to preclude local governments from creating such a property interest." 729 F.Supp. at 632. Allen argues that under *Myers*, Resolution 11-4-91-2 conferred on him a property interest.

In order for Resolution 11-4-91-2 to be the basis for Allen's property interest, it must be lawfully passed. Section 36-8-3-3(c)(1) suggests that the Board had no authority to appoint Allen to rank of Major:

The safety board shall appoint: (1) The members and other employees of the po-

lice department **other than those in an upper level policy making position.** (emphasis added)

Allen suggests that the Board had the general authority to promote individuals to the rank of "permanent Major" under § 36-8-3-2 which states:

The safety board of a city shall administer the police and fire departments of the city, ... (b) The safety board has exclusive control over all matters and property relating to the following: (1) Police department.

Allen contends that the Board's promotion of Allen to the rank of "permanent Major," was within its authority because the Mayor could have appointed Allen to an upper level policy making position but chose instead to let the Board promote him.

We find Allen's distinction between promotion and appointment unpersuasive because it would render the restriction set forth in § 36-8-3-3(c)(1) meaningless. If the Board was statutorily unauthorized to appoint upper level policy making positions, it cannot circumvent this restriction by promoting them. Moreover, Allen only asserts that Mayor Hancock chose to let the Board "promote" him; however, the Resolution itself mentions that Allen was "appointed" to the rank of permanent Major. *See* Stipulation of Fact, Exhibit C. Thus, we conclude that because the Board had no authority to create a protectible property interest in Allen, any interest created by Resolution 11-4-91-2 was void from the start because Allen had no "legitimate claim of entitlement" to it. Without a protectible property interest, Allen is entitled to no procedural due process rights upon his demotion.

Even if we assume that Allen was promoted instead of appointed, this Court has found no cases granting a property interest in a position to which one is promoted but for which one has no statutory or contractual protection. *See Webster v. Redmond*, 599 F.2d 793 (7th Cir.1979), *cert. denied sub nom. Webster v. Bd. of Education*, 444 U.S.

---

**2.** On the other hand, if an employee is an "at will" employee, no property interest and thus no constitutional right to a hearing before termination exists. *See Reed v. Shepard*, 939 F.2d 484 (7th Cir.1991) (civilian jailer was at-will employ-

ee not entitled to notice and hearing before termination); *McMillian v. Svetanoff*, 878 F.2d 186 (7th Cir.1989) (court reporter had no property interest in her job because Indiana statute established that she was employee at will).

1039, 100 S.Ct. 712, 62 L.Ed.2d 674 (1980) (no property interest in promotion where statute did not require due process procedural safeguards to fire probationary teachers).

### CONCLUSION

Finding no protectible property interest, this Court grants Carmel's motion for summary judgment and denies Allen's motion for summary judgment. It is so ordered.

It is so ORDERED.