# IN THE COURT OF APPEALS OF IOWA

No. 3-1236 / 12-1986
Filed February 19, 2014

**DENNIS RAY BROWN JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Dennis Ray Brown Jr. appeals from a district court judgment denying and dismissing his application for postconviction relief. **AFFIRMED.**

Susan Stockdale, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Cox, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Dennis Ray Brown Jr. appeals from the district court judgment denying and dismissing his application for postconviction relief. We affirm.

## I.      BACKGROUND FACTS AND PROCEEDINGS

As acknowledged in his brief on appeal, the relevant facts regarding Brown's criminal case are set forth in the district court's postconviction ruling as follows:

> Brown was originally charged with two drug felonies. Eventually, the charges were amended to one charge of possession with intent to deliver more than five grams of methamphetamine, a class "B" felony, carrying a mandatory twenty-five year term of imprisonment. On the day of his trial, during jury selection, Brown accepted a plea offer from the State and entered a guilty plea to the lesser included "C" felony of possession with intent to deliver methamphetamine. That charge ordinarily carries a maximum potential sentence of ten years imprisonment. But because Brown has prior felony convictions he was subject to sentencing as a habitual offender and, on November 4, 2010, he was sentenced to an indeterminate term of incarceration not to exceed fifteen years.
>
> Brown appealed his conviction to the Iowa Supreme Court but the appeal was dismissed because it was frivolous.

On appeal Brown asserts:

> THE POSTCONVICTION COURT ERRED WHEN IT CONCLUDED MR. BROWN'S TRIAL ATTORNEY DID NOT NEED TO HAVE MR. BROWN'S MENTAL HEALTH EVALUATED PRIOR TO THE GUILTY PLEA.

## II.      SCOPE AND STANDARDS OF REVIEW

Generally, we review an appeal from a denial of postconviction relief for the correction of errors at law. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011); *Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence

and the law was correctly applied." *Harrington v. State*, 649 N.W.2d 509, 520 (Iowa 2003). However, when the applicant raises a constitutional claim as the basis for postconviction relief, we review the claim de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). Our de novo review is thus made "'In light of the totality of the circumstances and the record upon which the postconviction court's rulings w[ere] made.'" *Goosman*, 764 N.W.2d at 541 (quoting *Giles v. State*, 511 N.W.2d 622, 627 (Iowa 1994)). In our de novo review we give weight to the credibility findings made by the postconviction court. *Cox v. State*, 554 N.W.2d 712, 714 (Iowa Ct. App. 1996).

## III. MERITS

As relevant to this appeal, in its postconviction ruling the district court stated Brown "claims his guilty plea was involuntary because he was suffering from a mental illness, or from the effects of medication, when he entered his plea," and "that his appointed counsel was ineffective for not having him evaluated for mental illness before he entered his plea." Brown's claim of postconviction trial court error is thus that the court erred in failing to find that his attorney in the underlying criminal case should have had him evaluated for mental illness to determine whether he was competent to enter his guilty plea. To determine whether the postconviction court erred we must analyze the merits of Brown's ineffective-assistance-of-counsel claim.

To prove ineffective assistance, an applicant must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Ennenga*, 812 N.W.2d at 701; *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Both

elements must be proved by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We may affirm the postconviction court's rejection of an ineffective assistance claim if either element is lacking. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

To satisfy the first prong, failure to perform an essential duty, an applicant must show that counsel's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688. 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and that counsel's performance fell outside the normal range of competency, *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). We begin with a presumption that counsel performed competently. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694. "'Trial counsel's performance is measured objectively by determining whether counsel's assistance was reasonable, under prevailing professional norms, considering all the circumstances.'" *State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010) (quoting *State v. Lyman*, 776 N.W.2d 865, 878 (Iowa 2010)).

Brown alleges that at the time he entered his guilty plea he had a lengthy history of schizophrenia and does not remember parts of the criminal proceeding, and that his guilty plea was thus not knowingly, voluntarily, and intelligently made. In his brief he asserts that "there must have been evidence available to Mr. Brown's attorney during his interactions with Mr. Brown that should have led that attorney to question Mr. Brown's competence to . . . plead guilty." He concludes that by not requesting a competency hearing his attorney thus rendered ineffective assistance.

"A criminal defendant may not plead guilty unless he does so competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396, 113 S. Ct. 2680, 2685, 125 L. Ed. 2d 321, 330 (1993). However, "[a] defendant is initially presumed to be competent, and the burden to establish the contrary should be on him; if the evidence is in equipoise the presumption should prevail." *State v. Pedersen*, 309 N.W.2d 490, 496 (Iowa 1981). Further, "when an applicant's assertions concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the applicant bears a special burden to establish that the record is inaccurate." *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995).

Brown testified at the postconviction hearing that he does not remember several events during his incarceration following his arrest and prior to and during his plea of guilty. These include whether he had a preliminary hearing, the date scheduled for his trial, pleading guilty to a reduced charge, and whether he received Haldol injections or any medical treatment while in jail.[1]

Brown acknowledges, however, remembering his arrest, the original charge, having an attorney appointed, the attorney's name, depositions being taken, that he had been continuously in custody since his arrest, that he had

---

[1] Although Brown asserts in his brief that "he was not treated for [his schizophrenia] while incarcerated," he in fact testified he could not remember whether he received such treatment while in jail. The relevant questions and answers were as follow:

> Q. Were you getting Haldol injections in the Polk County jail? A. There was a lot of misunderstanding about my medication when I was in the Polk County jail. I don't remember.
> . . . .
> Q. Okay. You don't remember any kind of medical treatment while you were in the Polk County jail? A. Huh-uh.
> Q. Pardon me? A. No.

never been hospitalized while in the custody of the Polk County jail, and that one or more motions in arrest of judgment had been filed after his guilty plea.

In ruling on Brown's application the district court noted that the only evidence that at the time of his guilty plea Brown was suffering from any mental illness, the effects of any mental illness, or the effects of any medication, was Brown's own testimony. The court noted that Brown had testified at the postconviction hearing, as he had testified previously at a hearing on a motion in arrest of judgment, that he did not remember the guilty plea proceeding. The court stated it did not believe Brown's testimony to that effect, but even if the testimony were accepted as true such a lack of memory did not establish he was suffering from mental illness, its effects, or medication at the time of his guilty plea. The court found there was no basis upon which to conclude his guilty plea was not knowing, voluntary, and intelligent, and there was thus no merit to his claim his attorney rendered ineffective assistance by not having his competency evaluated.

Upon our de novo review we agree with the analysis and conclusions of the district court's well-reasoned decision. Brown's obviously self-serving testimony is wholly unsupported by any other evidence. He presented no testimony or records from a health care provider, no testimony from or records of the Polk County jail, and no testimony from any other person who might have some knowledge of his alleged mental illness or medication he might or might not have been given while at the Polk County jail. Although Brown asserts there must have been evidence available to his defense attorney that should

have led the attorney to have him evaluated, he did not present testimony from that attorney at the postconviction hearing and does not indicate what the claimed evidence might have been.

"Relevant factors in determining whether due process requires an inquiry as to competency include (1) defendant's irrational behavior, (2) demeanor at trial, and (3) any prior medical opinion on competency to stand trial." *State v. Aswegan*, 331 N.W.2d 93, 96 (Iowa 1983). There is no evidence of irrational behavior by Brown. The record of the guilty plea proceeding demonstrates that the district court engaged in a lengthy, detailed, and thorough colloquy with Brown; shows that Brown was attentive and responded politely and appropriately to the court's inquiries and explanations; and gives no indication of any inappropriate demeanor or lack of understanding on Brown's part. There is no evidence, other than Brown's unsupported testimony, of any prior medical opinion, or even of any non-medical opinion, that Brown lacked competence to understand the proceeding and enter a valid guilty plea. Nothing in the briefs or appendix presented on appeal indicates that Brown ever told his defense attorney that he had, or had a history of, mental illness.

We find no basis for concluding that Brown's defense attorney breached an essential duty by not requesting a competency evaluation. We need not address the second prong of an ineffective-assistance claim. *Anfinson*, 758 N.W.2d at 499.

## IV.  CONCLUSION

We affirm the district court's dismissal of Brown's application for postconviction relief.

**AFFIRMED.**